# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIDGESTONE AMERICAS TIRE
OPERATIONS LLC,

                  Plaintiff,

v.

HUF NORTH AMERICA
AUTOMOTIVE PARTS
MANUFACTURING CORP. and HUF
HULSBECK & FURST GMBH & CO.
KG,

                  Defendants.

Case No. 17-CV-951-JPS

**ORDER**

On October 10, 2017, the parties filed a joint motion for entry of a protective order. (Docket #33). The parties request that the Court enter a protective order so that the parties may avoid the public disclosure of confidential information and documents. *Id.* Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L. R. 26(e).

The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent

with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. Fed. R. Civ. P. 26(c); *see, e.g., Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders—such as the one in this case—are narrowly tailored and permissible, when it finds that two factors are satisfied:

(1)    that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

(2)    that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945). The parties have requested the protective order in this case in good faith; they seek the order so that they might freely exchange sensitive information. (Docket #33 and #33-1 at 1). The Court thus finds that there is good cause to issue the requested protective order.

However, the Court finds that two slight changes are necessary to maintain compliance with the above-cited precedent. First, the proposed order requires sealing, in whole or in part, of all confidential documents. This departs from the Court's desire to ensure that every phase of the trial

occurs in the public eye to the maximum extent possible. *See Hicklin Eng'r, L.C.*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, other documents may contain only small amounts of confidential information, and so redaction of those documents may be more appropriate. The Court has modified the parties' proposed language to that effect. *See supra* Paragraph 9. Second, consistent with the Court's and this district's standard practice, the Court will allow members of the public to challenge the confidentiality of documents filed in this case. *See supra* Paragraph 5 and 9.

Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for entry of a stipulated confidentiality order (Docket #33) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e), the terms of the protective order governing this case are as follows:

The Court finds that the following order is necessary to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information that Plaintiff Bridgestone Americas Tire Operations, LLC ("Bridgestone") and Defendant Huf North America Automotive Parts Manufacturing Corp. ("Huf") (collectively the "Parties") are entitled to

keep confidential, to ensure that only materials that the Parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the trial, pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 26(e).

Bridgestone and Huf assert that they possess confidential information in the form of secrets or other confidential business, personal and/or technical information related to the subject matter of this litigation. The parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this litigation. As a result, the parties seek to limit disclosure and prevent the use of such information for purposes other than this litigation.

1. **FINDINGS**

The Court finds that the parties to this case may request or produce information involving trade secretes or other confidential research, development, or commercial information, the unprotected disclosure of which is likely to cause harm to the party producing such information.

2. **DEFINITIONS**

a.    *Document*:  The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, numbers, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, including without limitation all things which come within the meaning of "writings," "recordings," or "photographs" contained in Rule 1001 of the Federal Rules of Evidence, or

within the meaning of "document," "electronically stored information," or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

b.     *Discovery Material*:  The term "Discovery Material" shall mean any Document, material, item, information, tangible thing, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

c.     *Producing Party*: The term "Producing Party" shall mean any party to this action or any third party, including its counsel, retained Experts or Consultants, directors, officers, employees, or agents, who produces any Discovery Material.

d.     *Outside Counsel*: The term "Outside Counsel" shall mean all counsel that have entered an appearance in the litigation, their staff, and supporting personnel.

e.     *Receiving Party*: The term "Receiving Party" shall mean any party to this action, including its counsel, retained Experts or Consultants, directors, officers, employees, or agents, who receives any Discovery Material in this action.

f.     *Confidential Information*: The term "CONFIDENTIAL INFORMATION" shall mean any information (regardless of how it is generated, stored, or maintained) or tangible things of the Producing Party that the Producing Party in good faith regards as confidential or proprietary information that is sensitive and is not publicly known and which the

Producing Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation information that the Producing Party claims in good faith to constitute or relate to research and development information (including, for example, laboratory notebooks, research plans, market and demographic research, and product and advertising development), non-public patent prosecution information directed to present or pending applications that are not publicly accessible, financial information (including, for example, budgeting, accounting, sales figures, forecasts, and advertising expenditures), business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), and personnel information (including, for example, compensation, evaluations and other employment information).

g.      *Highly Confidential – Attorneys' Eyes Only Information*: The term "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" shall mean any information (regardless of how it is generated, stored, or maintained) or tangible thing of the Producing Party that is extremely sensitive, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including without limitation information that the Producing Party claims in good faith to constitute (i) trade secrets under applicable law, or commercially sensitive information relating to the Producing Party's technical, financial, marketing, strategic, and competitive position, the disclosure of which poses a threat of competitive harm to the Producing Party, or (ii) new research and development information (including, for example, laboratory notebooks, research plans,

market and demographic research, and product and advertising development), or (iii) other commercially sensitive competitive information (including, for example, business plans, business strategies, profit margins, manufacturing processes not available to the public, business negotiations, and license agreements), or (iv) non-public patent prosecution information directed to future patent applications that are not publicly accessible, and non-public regulatory filings.

h.      *Restricted – Highly Confidential Source Code Information*: To the extent any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION includes computer source code ("Source Code Material"), the Producing Party may designate such material as "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE."

i.      *Designated Material*: The term "Designated Material" shall mean any Discovery Material designated by a Producing Party as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION, or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE.

j.      *Expert*: The term "Expert" shall mean an expert retained for this Litigation. The term excludes current employees, officers, or directors of a named party, or owners of more than two-percent interest in a named party. Experts must execute the form of Acknowledgement of Protective Order, attached hereto as Exhibit A.

k.      *Consultant*: The term "Consultant" shall mean a consultant retained for this Litigation and who is not expected to testify at trial. Consultants that will access materials designated as Confidential or Highly

Confidential must execute the form of Acknowledgement of Protective Order, attached hereto as Exhibit A.

**3. SCOPE**

The scope of this Order shall be understood to encompass not only Designated Material which is expressly designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION, but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations which reveal all or part of that information.

**4. PROCEDURE FOR MARKING DESIGNATED MATERIAL**

Marking Designated Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION shall be made in good faith by the Producing Party in the following manner:

a. In the case of Documents or any other tangible things produced, designation shall be made by placing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

b. In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED – HIGHLY CONFIDENTIAL

SOURCE CODE as designated by the Producing Party. Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE the copies of such documents, as appropriate, at the time the copies are produced to the Receiving Party; and

      c.     In the case of deposition testimony, transcripts or portions thereof, designation shall be made by the Producing Party either (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE" as appropriate by the reporter, or (ii) by written notice to the reporter and all counsel of record, given within twenty (20) days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent. Pending expiration of the twenty (20) business days, all parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript as if it had been designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE. No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order or the parties agree to such person's attendance.

5. **CONTESTING THE DESIGNATION**

      a.    No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this action or any other action to the propriety of such designation.

      b.    Any party or member of the public may contest a claim of confidentiality. Any person objecting to the designation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE must give Outside Counsel for the Producing Party written notice of its reasons for the objection. Failing resolution after service of the written notice of its reasons for the objection, the person objecting may, on a duly noticed motion, seek an order removing the designation. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, i.e., the Producing Party, but information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE shall be deemed as such until the matter is resolved.

6. **RESTRICTIONS ON DISCLOSURE AND USE**

      a.    *Confidentiality*. Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

b. *Use*. All CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION, and RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION shall be disclosed, disseminated and used by the Receiving Party only for purposes of this Litigation. It shall be the duty of each party and each individual having notice of this Order to comply with this Order from the time of such notice. For clarity, "this Litigation" means (i) the case *Bridgestone Americas Tire Operations, LLC v. Huf North America Automotive Parts Manufacturing Corp. and Huf Hülsbeck & Furst GMBH & CO. KG*, Case No. 17-CV-951-JPS, previously captioned as *Bridgestone Americas Tire Operations, LLC v. Huf North America Automotive Parts Manufacturing Corp. and Huf Hülsbeck & Furst GMBH & CO. KG*, C.A. No. 17-575-GMS, including any litigation over a temporary restraining order or preliminary injunction; and (ii) any appeal or interlocutory appeal of any order entered in (i). Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

c. *Maintenance of Designated Material*. Designated Material shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

d. A Producing Party is free to do whatever it desires with its own Designated Material.

7. **ACCESS TO DESIGNATED MATERIAL**

a. *Access to Highly Confidential – Attorneys Eyes Only Information* – Designated Material that is designated by a Producing Party as HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY INFORMATION shall be available only to the following persons subject to the terms of paragraph 7:

i.      Outside Counsel for the Receiving Party and their respective law firm staff;

ii.     Judges, Magistrate Judges, law clerks, and clerical personnel of the Court or qualified court reporters;

iii.    Consultants or Experts retained by any of the parties or their counsel to consult or testify in the Litigation, excluding employees, officers or directors of a named party, or owners of more than a two-percent interest in a named party;

iv.     Potential witnesses in this action who are directors, officers, employees, or corporate designees of the Producing Party under Fed. R. Civ. P. 30(b)(6), by a Receiving Party's outside counsel during a deposition;

v.      Potential witnesses in this action (including, but not limited to, inventors of the patents-in-suit or individuals who were formerly directors, officers, employees, or experts of the Producing Party, but only for those witnesses if the information was in existence during the period of his or her service or employment and it is established that the witness was involved in project to which the information relates so that it is reasonable that the witness had access to the information during the course of his or her service or employment) and their counsel, provided the information was authored by, created by, addressed to, received by, signed by, or is otherwise established to have been known to the witness; but only at deposition;

vi.     Third party contractors and their employees involved in document management or copying services for this Litigation, including third party contract attorneys;

vii.    Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this Litigation;

viii.   Trial and jury consulting services retained by a party in this action;

ix.     Persons who have been retained by a party to provide translation or interpretation from one language to another; and

x.      Any others as ordered by the Court or to whom the Producing Party has given written consent.

b.      *Access to Confidential Information* – Designated Material that is designated by a Producing Party as CONFIDENTIAL INFORMATION shall be available only to the following persons subject to the terms of paragraph 7:

i.      The persons designated in Paragraphs 7(a)(i)-(x);

ii.     For each party to this Litigation, one (1) in-house counsel and the in-house counsel's clerical staff and paralegals. Any person under 7(b)(ii) reviewing any of an opposing Party's Confidential Information shall be subject to a "Prosecution Bar," meaning s/he shall not, for a period commencing when that person reviews such information and ending two years following the conclusion of this case (including any appeals) engage in any Prosecution Activity involving a claim or claims that relate to the subject matter of the patents asserted in the Action, including but not limited to any Prosecution Activity related to applications claiming

priority in whole or in part to one or more patents asserted in the Action. This prohibition shall not apply to information that is of a nontechnical nature such as financial information.

"Prosecution Activity" shall mean: (1) preparing any patent application (or portion thereof) anywhere in the world; (2) participating in drafting or preparing patent claim(s), including in any reissue, reexamination, inter partes review, post grant review, or derivation proceeding; and (3) providing advice, counsel, or suggestions regarding drafting of claims, including new claim limitations, including in any reissue, reexamination, inter partes review, post grant review, or derivation proceeding. Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor; and

iii.     Any others as ordered by the Court or to whom the Producing Party has given written consent.

c.     *Access to Restricted - Highly Confidential Source Code Information* – Designated Material that is designated by a Producing Party as RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE shall be subject to the following restrictions:

i.     Access to Material designated RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE MATERIAL shall be limited to Outside Counsel and up to three (3) Consultants or Experts retained for the purpose of this Litigation and approved to such Protected Materials pursuant to paragraph 8 below. A

Receiving Party may include Source Code Material in a pleading, an exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the documents containing Source Code ("Source Code Documents") are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under in accordance with the Court's rules, procedures and orders;

ii. From the date of entry of this Order going forward, access to a Party's Source Code Material shall be provided on a secured "stand-alone" computer(s) located at the offices of the Producing Party's Outside Counsel. The stand-alone computer(s) may be connected to a printer. Use or possession of any input/output device (e.g., USB memory stick, camera or any camera-enabled device, CDs, portable hard drives, etc.) is prohibited while accessing the stand-alone computer containing Source Code. Additionally, except as provided in paragraph 7(c)(xii) below, the stand-alone computer(s) may be located at the offices of the Producing Party's Outside Counsel;

iii. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its Outside

Counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

iv.     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

v.      The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

vi.     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE;

vii.    Any electronic copies containing excerpts of Source Code Material must be appropriately marked under this Order, encrypted and password protected, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

viii.   The Receiving Party shall be permitted to make one (1) printout and two (2) photocopies of Source Code Material, each page of which must be Bates labeled and clearly labeled "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of all such files that are printed or

photocopied  During inspection of the source code, the Receiving Party shall print the requested pages to PDF on the review computer, and the Producing Party shall produce such pages within one (1) business day after review;

ix.     The parties agree to exercise good faith in requesting production of portions of source code only to the extent reasonably necessary to prosecute the claims and defenses in the case;

x.      Should such printout or photocopies be transferred back to electronic media, such media shall be encrypted and labeled "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

xi.     If the Receiving Party's Outside Counsel, Consultants, or Experts obtain a printout or photocopies of Source Code Material, the Receiving Party shall ensure that such Outside Counsel, Consultants, or Experts keep the printouts or photocopies in a secured area in the offices of such Outside Counsel, Consultants, or Experts. The Receiving Party may also temporarily keep the printouts or photocopies at: (1) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (2) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (3) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

xii.    A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 7(c)(i) above to another person

authorized under paragraph 7(c)(i) above, on paper via hand carry, Federal Express or other similarly reliable courier, except that for the purposes of creating, drafting, or finalizing documents for filing or serving electronically that include excerpts of a Producing Party's Source Code Material, the Receiving Party may transmit those documents at the direction of a person authorized under paragraph 7(c)(i) above to another person authorized under paragraph 7(c)(i) above through a secure, password-protected FTP link. Source Code material may not otherwise be transported or transmitted electronically over a network of any kind including via electronic mail or over a LAN, an intranet, or the Internet.

8. **CONDITIONS ON ACCESS TO DESIGNATED MATERIAL**

a. *Consultants and Experts.* Prior to a Receiving Party giving, showing, disclosing, making available or communicating Designated Material to any Consultant or Expert under paragraph 7(a)(iii), 7(b)(i) or 7(c)(i), the party shall:

i. Serve a notice on the Producing Party, identifying the Consultant or Expert and the Consultant or Expert's business address, business telephone numbers, present employer and position, consulting activities and job history for the past five (5) years, a list of publications for the past ten (10) years, a list of cases in which the Expert has consulted and/or testified within the preceding four (4) years, and a list of any patents or patent applications in which s/he is identified as an inventor or applicant and is involved in prosecuting or maintaining or has any pecuniary interest.

ii.     Provide the most recent curriculum vitae or resume of the Expert or Consultant. If the most recent curriculum vitae or resume of the Expert or Consultant provides the information required under the foregoing paragraph, then the information need not be separately provided.

iii.    Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the Expert or Consultant and including all the information to be completed therein.

iv.     The Producing Party shall be entitled to object to such disclosure to the Expert or Consultant within five (5) business days after receipt of the acknowledgment of Protective Order by stating specifically in writing the reasons why such Expert or Consultant should not receive the Designated Material.

v.      If the parties are unable to agree on the disclosure to the Expert or Consultant, the party objecting to such Expert or Consultant may apply to the Court for an order that disclosure is improper within five (5) business days of its objection. The burden of establishing the validity of such written objections rests with the objecting party. If the objecting party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

vi.     No disclosure of the Designated Material shall be made to the proposed Expert or Consultant until the time for serving objections to that Expert or Consultant has passed, or, in the event that a written objection is timely served and a motion to prevent disclosure is filed or discovery dispute to prevent disclosure raised

for resolution by the Court, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

        vii.     The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

        b.     *In-house Counsel*. Each person in Paragraph 7(b)(ii) to whom Designated Material is given, shown, disclosed, made available or communicated in any way in accordance with this Protective Order shall first execute an Acknowledgment of Protective Order in the form shown Exhibit A and serve the executed Acknowledgment on the Producing Party.

**9.**     **PROCEDURES FOR FILING PAPERS WITH DESIGNATED MATERIAL**

To the extent that any information designated as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY INFORMATION, and RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION is filed with the Court, or is substantively incorporated in any papers to be filed with the Court, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court via the CM-ECF system. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal. Any member of the public may challenge the filing of those documents under seal or the

confidentiality designation of any Designated Material in accordance with Paragraph 5.

## 10. <u>UNINTENTIONAL FAILURE TO DESIGNATE</u>

If, through inadvertence, a Producing Party provides any Designated Material pursuant to this Litigation without designating and marking the Designated Material as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY INFORMATION, or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION upon receipt of written notice from the Producing Party, to the extent Receiving Party has not disclosed this Designated Material. Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, the Receiving Party agrees to undertake its best efforts to retrieve all copies of the Designated Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Designated Material and agrees to advise the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order. No demonstration of error, inadvertence, or excusable neglect by the designating party shall be required for such re-designation.

**11. UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**

Counsel shall exert reasonable efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine or other applicable privilege or immunity prior to the disclosure of any such documents or material. If, however, a party discloses documents or material that is privileged or protected by the work product doctrine and that the party maintains was unintentionally disclosed, the party shall, within five (5) business days after discovery of the disclosure, so advise the Receiving Party in writing, request such documents or material be returned, and attach a privilege log entry pertaining to such documents or material that is privileged or otherwise immune from discovery. It is further agreed that the Receiving Party will return or destroy (except as provided below) such documents or material, and all copies and derivations, within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material. The cost, if any, for excising such documents by the Receiving Party shall be borne by the Producing Party. If the Receiving Party has a good faith belief that the material or documents it has returned or destroyed are not entitled to be protected by the attorney-client privilege or the work product doctrine, it may seek production of such documents or material in accordance with the Federal Rules of Civil Procedure and as provided below. The inadvertent production in discovery of any privileged information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver of any claim of privilege or protection, including but not limited to the attorney-client privilege and the protection afforded to work product materials or the

subject matter thereof, provided that the Producing Party shall promptly notify the Receiving Party when inadvertent production is discovered as set out above.

In connection with a motion to compel production, and notwithstanding the foregoing provisions concerning the return or destruction of such documents and material that the Producing Party contends was unintentionally disclosed, the Receiving Party may retain a copy of such documents or material to present its motion to compel to the Court. Any motion to compel production shall be filed within five (5) business days of the Receiving Party's receipt of a written request for the return of such documents or material. The Receiving Party shall only maintain such copy for purposes of this Litigation and the motion to compel production, and no other purpose, and shall return or destroy such copy immediately if: (a) no motion to compel production is filed by the Receiving Party within five (5) business days of the Receiving Party's receipt of a written request for the return of such documents or material; or (b) the Court denies the motion to compel production.

12. **INFORMATION NOT COVERED BY THIS ORDER**

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party.

13. **RESPONSIBILITY OF ATTORNEYS**

Outside Counsel shall be responsible for providing a copy of this Order to all persons identified in Paragraph 7 who are required to execute a copy of the Acknowledgment of Protective Order, and to employ

reasonable measures to control duplication of, access to, and distribution of copies of materials designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY INFORMATION, or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION. No person shall duplicate any Designated Material except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, Experts or Consultants approved under Paragraphs 6 and 7 for use as working copies. All copies, extracts and translations must be appropriately marked and are subject to Paragraph 12 of this Order.

14. **FINAL DISPOSITION**

Upon termination, settlement or final judgment of this Litigation, as defined in paragraph 6, including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective Outside Counsel, within sixty (60) calendar days. However, retained counsel may retain pleadings or other papers filed with the Court or served in the course of this Litigation, attorney and consultant work product, deposition transcripts and exhibits, and the trial record for archival purposes. If Designated Material is destroyed pursuant to this paragraph, Outside Counsel for the Receiving Party shall provide to Outside Counsel for the Producing Party a certification that the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

15. **NO LIMITATION OF OTHER RIGHTS**

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

16. **RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection; to release, rescind, or modify the restrictions of this Order; to determine whether a particular person shall be entitled to receive any particular information; or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

17. **DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's Designated Material, the Designated Material disclosed by any such third party will be accorded the same protection as the parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the parties' Designated Material pursuant to this Order.

18. **ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter. The marking of Designated Material as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL

– ATTORNEYS EYES ONLY INFORMATION, or RESTRICTED – HIGHLY SOURCE CODE INFORMATION pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Designated Material.

19. **NON-PARTY REQUEST/SUBPOENA OF DESIGNATED MATERIAL**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to Outside Counsel for the Producing Party within three (3) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

20. **UNINTENTIONAL DISCLOSURE OF DESIGNATED MATERIAL**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, inadvertence or otherwise, to any person or party not

authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

**21.**     **COUNSEL'S RIGHT TO PROVIDE ADVICE**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Designated Material to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

**22.**     **EFFECTIVE DATE**

This Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY INFORMATION, or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION unless and until they are redesignated by the Producing Party or by further order of the Court.

**23.**     **TERMINATION**

The termination of this Litigation shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing

Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

**24.** **OTHER PROCEEDINGS**

By entering this order and limiting the disclosure of information in this Litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another litigation. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY INFORMATION, or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge